# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

Roderick L. Hymon,

          Plaintiff,

vs.

Steven D. Grierson, et al.,

          Defendants.

Case No. 2:23-cv-01343-JAD-VCF

**ORDER**

APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1)

Plaintiff filed an application to proceed in forma pauperis (IFP) and a complaint. ECF Nos. 1 and 1-1. I grant plaintiff's IFP application. ECF No. 1. I dismiss his complaint without prejudice. ECF No. 1-1.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

**I.    Whether Plaintiff May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2);

*Castaneda v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Plaintiff is incarcerated and his financial certificate reflects that he has no money in his account. ECF No. 1. I grant plaintiff's IFP application.

Considering his $0.00 average balance and deposits, he is not required to pay an initial partial filing fee. Whenever his account exceeds $10, however, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II.     Whether Plaintiff's Complaint States a Plausible Claim

### a.  Legal Standard

Since I grant plaintiff's IFP application, I review plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff

should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)). To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1915(d) accords judges the authority to dismiss a claim based on an indisputably meritless legal theory, for example, a claim in which it is clear that the defendant is immune from suit. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979).

### b. Complaint

Plaintiff's complaint is difficult to read, but it appears that plaintiff is a pretrial detainee who alleges that the clerk of the state district court rejected his habeas petitions because of racial bias and animus toward habitual criminals. He alleges violations of the Fifth, Sixth, and Fourteenth Amendments against Steven D. Grierson personally, the Deputy Clerk of the District Court Regional Justice Center. Plaintiff's claims against Clerk Grierson are barred by judicial immunity. Plaintiff asserts conclusory allegations, devoid of factual support, against Clerk Grierson: he alleges that the clerk has racial bias and

animus towards criminals, but he does not provide any supporting facts. Plaintiff's bare bone allegations against Clerk Grierson do not comply with Rule 8.

Nonjudicial officials have absolute immunity for their duties that are integrally related to the judicial process. Processing court filings, including habeas petitions, is undoubtedly within a clerk's official duties and integrally related to the judicial process. Based on the limited facts in the complaint, Clerk Grierson is entitled to absolute quasi-judicial immunity. I dismiss the plaintiff's claims against Clerk Grierson without prejudice.

It is possible that these deficiencies may be cured through amendment. Plaintiff must file an amended complaint explaining the factual circumstances of the case and the law upon which he relies in bringing the case. The amended complaint must be complete in and of itself without reference to the superseded pleading.

ACCORDINGLY,

I ORDER that plaintiff Roderick L. Hymon's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

I FURTHER ORDER that plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Monday, November 6, 2023, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. §

1915(e)(2).

I FURTHER ORDER that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, whenever plaintiff's account exceeds $10, the Clark County Detention Center must forward payments from the account of Roderick L. Hymon (631076) to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

I FURTHER ORDER that if plaintiff is transferred, the Accounting Supervisor at Clark County Detention Center is directed to send a copy of this Order to the new place of incarceration and indicate the amount that plaintiff has paid towards his filing fee so that funds may continue to be deducted from his account.

I FURTHER ORDER that the Clerk of the Court must send a copy of this Order to the Finance Division of the Clerk's Office and to the Clark County Detention Center Accounting Supervisor, 330 South Casino Center, Las Vegas, NV 89101.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 5th day of October 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE