UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Roderick L. Hymon,

    Plaintiff

v.

Steven D. Grierson,

    Defendant

Case No.: 2:23-cv-01343-JAD-MDC

**Order Overruling Objection, Affirming Magistrate Judge's Order, Denying Motion to Appoint Counsel, and Extending Deadline to File Amended Complaint**

[ECF Nos. 12, 14]

    Pro se plaintiff Roderick L. Hymon sues Steven D. Grierson, the Deputy Clerk of the Nevada District Court Regional Justice Center, alleging that Grierson "rejected his habeas petition because of racial bias and animus toward habitual criminals."[1] The magistrate judge screened his complaint and found that a claim cannot proceed against Grierson because he is "entitled to absolute quasi-judicial immunity."[2] The judge dismissed Hymon's complaint without prejudice and gave him 30 days to file an amended one.[3] Hymon appealed the magistrate judge's order and did not file an amended complaint by the deadline. The Ninth Circuit dismissed Hymon's appeal because the order challenged wasn't final.[4]

    On December 21, 2023, almost two months beyond Hymon's deadline to file an amended complaint, he filed an "objection to dismissal in its entirety."[5] In it he states that he "assumes for a fact [that] this magistrate [judge] is most likely bias[ed]" and says that he "used Steven D.

---

[1] ECF No. 3 at 3 (magistrate judge's order).

[2] *Id.* at 4.

[3] *Id.*

[4] ECF No. 7.

[5] ECF No. 14 (cleaned up).

Grierson['s] name nowhere in [the] body of [the] complaint" and only used it to serve "deputy district court #7 deputy clerk."[6] He also asks for an appointed attorney.[7] I deny both motions and give Hymon one more chance to file an amended complaint if he can correct the deficiencies stated in the magistrate judge's order.

**A.     The magistrate judge's ruling was not clearly erroneous or contrary to law.**

When a litigant challenges a magistrate judge's ruling on a non-dispositive matter,[8] the district judge may reconsider that ruling "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[9] This standard of review "is significantly deferential" to a magistrate judge's determination[10] and requires "a definite and firm conviction that a mistake [of fact] has been committed"[11] or a relevant statute, law, or rule has been omitted or misapplied.[12]

Hymon's one-paragraph motion does not identify any findings by the magistrate judge that he contends are erroneous or contrary to law. He first lodges a vague, unsupported attack on the magistrate judge suggesting the judge must be biased, seemingly because the judge ruled against him. Hymon provides no facts to fill out the contours of his bias allegation, and on this

---

[6] *Id.*

[7] *Id.*; ECF No 12. The same motion was docketed twice; one for each type of relief Hymon requests.

[8] Here, the magistrate judge ordered the dismissal of Hymon's complaint with leave to amend—that order is non-dispositive because some other action must be taken before Hymon's complaint may be dismissed with prejudice.

[9] L.R. IB 3-1(a).

[10] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

[11] *Id.* (internal quotation marks omitted).

[12] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

record I do not find any bias against Hymon that would warrant recusal or reconsideration of the magistrate judge's order.  Indeed, the law holds that a judge's unfavorable rulings alone do not show bias, "even when the number of such unfavorable rulings is extraordinarily high on a statistical basis."[13]

Next, Hymon asserts that Steven D. Grierson isn't the defendant in this case, despite his name being listed on each "defendant" blank available on his complaint.[14]  The magistrate judge did not clearly err in assuming that Grierson is the man Hymon intended to sue, as he is the only person named.  If Hymon wishes to name someone else, I give him one more chance to amend his complaint to clearly state who he is suing and why.

**B.     Hymon's motion for appointed counsel is denied.**

Hymon includes in his objection a one-sentence request for an appointed attorney.  Hymon's request is governed by 28 U.S.C. § 1915(e)(1) and, although indigent civil-rights litigants like Hymon do not have a constitutional right to appointed counsel, a court may "request an attorney to represent any person unable to afford counsel."[15]  But courts do so only in "exceptional circumstances."[16]  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."[17]  "Neither of these considerations is dispositive and instead must be viewed together."[18]

---

[13] *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984); *Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that judicial rulings do not support a bias challenge).

[14] *See* ECF No. 1-1 at 1–2.

[15] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[16] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

[17] *Id*.

[18] *Id*.

Hymon has failed to argue either that he is likely to succeed on the merits or that his case is particularly complex. His one-sentence request falls far short of showing the exceptional circumstances required to appoint him counsel. So I deny this request without prejudice to his ability to file a properly supported motion after he submits an amended complaint.

**Conclusion**

IT IS THEREFORE ORDERED that Roderick Hymon's objection and appeal to the magistrate judge's order dismissing his complaint with leave to amend **[ECF No. 14] is OVERRULED**. The magistrate judge's order **[ECF No. 3] is AFFIRMED**. Hymon must file an amended complaint curing the deficiencies identified in this and the magistrate judge's order by **March 22, 2024**. **The failure to file an amended complaint by that deadline may result in the dismissal of this case without further prior notice**.

IT IS FURTHER ORDERED that Hymon's motion to appoint counsel **[ECF No. 12] is DENIED** without prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
February 21, 2024