# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Roderick L. Hymon,

     Plaintiff

v.

Steven D. Grierson,

     Defendant

Case No.: 2:23-cv-01343-JAD-MDC

**Order Dismissing Action**

Pro se plaintiff Roderick L. Hymon sues Steven D. Grierson, the Deputy Clerk of the Nevada District Court Regional Justice Center, alleging that Grierson "rejected his habeas petition because of racial bias and animus toward habitual criminals."[1] The magistrate judge previously screened his complaint and dismissed it with leave to amend. Hymon objected, and I affirmed the magistrate judge's order and extended Hymon's deadline to file an amended complaint, but that order was returned as undeliverable.[2] So I again extended Hymon's amendment deadline and ordered him "to update his address by April 25, 2024," warning that "Hymon's failure to update his address or file an amended complaint by that deadline may result in the dismissal of this case without further prior notice."[3] It does not appear that this second order was returned as undeliverable. Nevertheless, Hymon has neither filed an amended complaint nor updated his address. So I dismiss this case without prejudice.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A

---

[1] ECF No. 3 at 3 (magistrate judge's order screening complaint).

[2] ECF No. 16.

[3] ECF No. 17.

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

1  court may dismiss an action based on a party's failure to prosecute an action, failure to obey a

2  court order, or failure to comply with local rules.[5]  In determining whether to dismiss an action

3  on one of these grounds, the court must consider: (1) the public's interest in expeditious

4  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

5  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

6  availability of less drastic alternatives.[6]

7          The first two factors, the public's interest in expeditiously resolving this litigation and the

8  court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims.  The

9  third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a

10  presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

11  ordered by the court or prosecuting an action.[7]  The fourth factor—the public policy favoring

12  disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

13          The fifth factor requires the court to consider whether less drastic alternatives can be used

14  to correct the party's failure that brought about the court's need to consider dismissal.[8]  Courts

15  "need not exhaust every sanction short of dismissal before finally dismissing a case, but must

16

17  [5] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply
    with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th
18  Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court
    apprised of address).

19  [6] *Ferdik*, 963 F.2d at 1260–61.

20  [7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

21  [8] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less
    drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor);
22  *accord Pagtalunan v. Galaza*, 291 F.3d 639, 543 & n.4 (9th Cir. 2022) (explaining that "the
    persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic
23  alternatives prior to disobedience of the court's order as satisfying this element," i.e., like the
    "initial granting of leave to amend coupled with the warning of dismissal for failure to
    comply[,]" have been "eroded" by *Yourish*).

2

explore possible and meaningful alternatives."[9]  Because this action cannot proceed until and unless plaintiff files an amended complaint, the only alternative is to enter yet another order setting another deadline.  But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources along the way.  The circumstances here do not indicate that this case will be an exception: there is no indication that the plaintiff needs additional time nor evidence that he did not receive the court's most recent order.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to file an updated address and an amended complaint in compliance with this court's orders.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  If Roderick Hymon wishes to pursue his claims, he must file a complaint in a <u>new</u> case.

_____
U.S. District Judge Jennifer A. Dorsey
July 24, 2024

---

[9] *Henderson*, 779 F.2d at 1424.